TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Barbara Grant

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### (OAKLAND DIVISION)

| | |
|---|---|
| Barbara Grant, *on behalf of herself and all others similarly situated*, | Case No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | **JURY TRIAL DEMANDED** |
| Ally Financial, Inc. , | |
| Defendant. | |

For her Class Action Complaint, Plaintiff, Barbara Grant, by and through undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1.     Plaintiff, Barbara Grant ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Ally Financial, Inc.  ("Ally" or "Defendant"). Defendant knowingly and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2.     Ally is a Michigan-based corporation which is "one of the largest auto financing companies in the country. . . ."  See https://www.ally.com/about/company-structure/ (last visited October 17, 2016).  It advertises that it "work[s] hard to offer [its] customers a simply better experience." *See id.*

3.     Plaintiff has not financed the purchase of a vehicle through Ally, has not inquired about taking out a loan with Ally, and is not otherwise an Ally customer.

4.     Nevertheless, for the last several years, Plaintiff has received automated calls to her cellular telephone from Ally regarding some other unknown individual. Plaintiff did not provide Ally her cell phone number or prior express consent to be contacted there.  Moreover, Plaintiff requested that Ally cease calling her on multiple occasions.  Ally ignored Plaintiff's requests and continued calling her.  She brings this lawsuit on behalf of herself and like-situated consumers for Ally's straightforward violations of the TCPA.

## PARTIES, JURISDICTION, AND VENUE

5.     Plaintiff is and at all times mentioned herein was an individual person residing in Concord, California.

6.     Ally is a Michigan corporation with an address of 200 Renaissance Center, Detroit, Michigan 48265-2000.

7.     This Court has subject matter jurisdiction under 28 U.S.C. §1331.

8.     Personal jurisdiction and venue in this district are proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred here.

## FACTS RELATED TO PLAINTIFF

9.     In the last four years, Ally placed automated telephone calls to Plaintiff on her cellular telephone at telephone number 713-XXX-2217 regarding another individual, "Cody Shannon," who Plaintiff does not know.

10.     Ally called Plaintiff from telephone number 855-306-6998.

11.     At all times mentioned herein, Ally called Plaintiff's cellular telephone using an "automatic telephone dialing system" ("autodialer") as defined by 47 U.S.C. § 227(a)(1).

12.     When Plaintiff answered the calls from Ally, she heard a prerecorded voice prompting her to "press 1" if she is "Cody Shannon" and to "press 2" if she is not.

13.     Plaintiff has never sought or obtained vehicle financing with Ally. Nor has Plaintiff ever inquired about the purchase of a vehicle with Ally. Plaintiff did not give her telephone number to Ally or permit anyone else to do so. Plaintiff did not provide prior express consent to Ally to autodial her cellular telephone. Accordingly, the automated calls placed by Ally to Plaintiff were in violation of 47 U.S.C. § 227(b)(1)(A).

14.     When plaintiff answered Ally's call she pressed 2 to indicate that she is not "Cody Shannon," waited to be routed to a Ally representative, informed Ally that it was calling the wrong number, and requested that Ally cease calling.

15.     Nevertheless, Ally's automated calls continued.

16.     Plaintiff was annoyed, frustrated, distracted, distressed and inconvenienced by Ally's calls. Plaintiff received calls during work, causing her to

3

lose focus and productivity.

17.    Ally's calls invaded Plaintiff's privacy by interrupting Plaintiff's activities while she was in her home, including waking Plaintiff from sleep on at least one occasion.

18.    Plaintiff's inability to get the calls to stop, even through explicit request to Ally, caused Plaintiff further frustration and emotional drain.

19.    Plaintiff's time was wasted answering Ally's calls Plaintiff neither asked for nor wanted.

20.    Moreover, the calls caused Plaintiff tangible harm.  Defendant's calls caused Plaintiff's cell phone battery to deplete, resulting in Plaintiff recharging the battery more often and incurring additional electricity charges.  Plaintiff charged her cell phone at home, where she pays for electricity.

21.    The telephone number called by Ally was and is assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

22.    The calls from Ally to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## CLASS ALLEGATIONS

**A. The Class**

23.    Plaintiff brings this claim pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on behalf the following class:

**TCPA Class:**

**(1) All persons in the United States (2) to whose cellular telephone number (3) Ally placed a non-emergency telephone call (4) using an autodialer or a prerecorded voice (5) within four years of the complaint (6) after said person requested Ally cease calling.**

24.    Plaintiff represents and is a member of the Class.  Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and

4

any member of the Judge's staff and immediate family.

**B. Numerosity**

25.   Plaintiff does not know the exact number of members in the Class, but based upon the size and national scope of Ally and the automated nature of the calls, Plaintiff reasonably believes that the Class number is in the thousands.

26.   The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Defendant.

**C. Common Questions of Law and Fact**

27.   There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.   These questions include:

  i.   Whether Ally engaged in a pattern of using an autodialer to place calls to cellular phones;

  ii.   Whether Ally had prior express consent to place the calls; and

  iii.   Whether Ally willfully violated the TCPA.

28.   The common questions in this case are capable of having common answers.  If Plaintiff's claim that Ally routinely places automated calls to telephone numbers assigned to cellular telephone services without prior express written consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D. Typicality**

29.   As a person who received automated telephone calls from Ally on his cellular phone without having given prior express consent, and who advised Ally to cease calling, Plaintiff asserts claims that are typical of the members of the Class.

**E. Protecting the Interests of the Class Members**

30.    Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

**F. Proceeding via Class Action is Superior and Advisable**

31.    A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of Class members in individually controlling the prosecutions of separate claims against Ally is small because it is not economically feasible for Class members to bring individual actions.

32.    Management of this class action is unlikely to present any difficulties. Courts have routinely certified classes in TCPA actions.  These cases include, but are not limited to: *Bee, Denning, Inc. v. Capital All. Grp.*, 310 F.R.D. 614, 630 (S.D. Cal. 2015) (granting TCPA class certification and finding that "[w]ithout the prospect of a class action suit, corporations balancing the costs and benefits of violating the TCPA are unlikely to be deterred because individual claims will not impose the level of liability that would outweigh the potential benefits of violating the statute"); *Krakauer v. Dish Network L.L.C.*, 311 F.R.D. 384, 400 (M.D.N.C. 2015); *Birchmeier v. Caribbean Cruise Line, Inc.*, 302 F.R.D. 240, 256 (N.D. Ill. 2014); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012).

33.    Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I – VIOLATIONS OF THE TCPA

34.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35.     Plaintiff brings this claim on behalf of herself and the Class.

36.     Ally made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members. These phone calls were made without the prior express consent of Plaintiff or the other Class members and were not made for emergency purposes.

37.     Ally has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or artificial or prerecorded voice."

38.     Each of the aforementioned calls by Ally constitutes a violation of the TCPA.

39.     Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

40.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

41.     Plaintiff and Class members are also entitled to and do seek a declaration that:

- Defendant violated the TCPA;
- Defendant used an autodialer; and
- Defendant placed calls to the Plaintiff and the Class without prior express consent.

## COUNT II – WILLFUL VIOLATIONS OF THE TCPA

42.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43.     Plaintiff brings this claim on behalf of herself and the Class.

44.     Ally made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members. These phone calls were made without the prior express consent of Plaintiff or the other Class members and were not made for emergency purposes.

45.     Ally has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice."

46.     Each of the aforementioned calls by Ally constitutes a willful violation of the TCPA.

47.     Plaintiff and Class members are entitled to an award of up to $1,500.00 in statutory damages for each call made in willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

48.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

49.     Plaintiff and TCPA Class members are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;
- Defendant knowingly and/or willfully used an autodialer on calls to Plaintiff and the Class;
- Defendant knowingly and/or willfully obtained the telephone numbers of non-customers;
- Defendant willfully placed automated calls to non-customers such as

8

Plaintiff and the Class, knowing it did not have prior express consent to do so;

- It is Defendant's practice and history to place automated telephone calls to non-consumers without their prior express consent; and
- It is Defendant's practice and history to ignore consumers' requests that Ally cease autodialing their cellular telephone numbers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

A.   Statutory damages pursuant to 47 U.S.C. § 227(b)(3);

B.   Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

C.   Declaratory relief as prayed for herein; and

E.   Such other relief as the Court deems just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

DATED:  October 20, 2016                     TRINETTE G. KENT

By:   /s/  Trinette G. Kent
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Barbara Grant